[L. A. No. 12716. In Bank.—July 17, 1931.]

PAUL H. BRUNS, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Crail, Shutt, Penkrase & Crail, D. W. Richards and H. F. Poyet for Petitioner.

O'Melveny, Tuller & Myers and Philbrick McCoy for Respondent.

WASTE, C. J.—The board of governors of The State Bar, following a hearing before a local administrative committee, has recommended that petitioner be suspended from the practice of the law for a period of three months. This recommendation is grounded on findings of unprofessional conduct.

There is no merit in the contention of petitioner that The State Bar is without jurisdiction to proceed in the absence of the filing of a verified complaint. (*Herron* v. *The State Bar* (*In re Herron*), 212 Cal. 196 [298 Pac. 474].) Furthermore, the complaint served on petitioner was properly verified. (*In re Collins*, 147 Cal. 8, 10 [81 Pac. 220].) There is nothing in the further point that the hearing before the board of governors "was had without due process". (*In re Peterson*, 208 Cal. 42, 45 [280 Pac. 124].)

The first and principal charge of unprofessional conduct made against petitioner has to do with his inclusion in a petition for adoption, filed on behalf of a client, of certain alleged false averments of fact. It appears that in 1924 one Clara E. Swanner filed an action for divorce in the Superior Court of Orange County, the complaint charging cruelty. An interlocutory decree of divorce was entered upon the default of the defendant. This decree and the final decree thereafter entered awarded custody of the minor child of

the parties to the plaintiff-mother. On February 26, 1926, the decree was modified, and custody of the minor awarded to the father, with directions that he place the child in a military school, the right of visitation being reserved to each of the parents. In February of 1927 the custody of the father was again affirmed and continued, but the decree modified slightly to permit the mother to take the child from the military school on alternate week-ends. Petitioner came into the case for the first time in 1929, when on July 20th he filed a petition with the Orange County Superior Court, on behalf of the mother, requesting that the decree be further modified to again place custody of the child in her. This application averred the necessary facts to show that the custody of the child had theretofore been transferred to and placed in the father. While this petition for modification was pending and undetermined, petitioner, on behalf of the mother and her second husband (she having remarried), filed with the Superior Court in and for the County of Los Angeles a petition by which it was sought to secure an order authorizing the adoption of the minor by his stepfather. It is this petition which contains the false averments as to the custody of the minor being in the military school, thus obviating, so the petition alleges, the necessity of first securing the consent of the father of the child to the contemplated adoption.

In defense of his conduct in this regard, petitioner urges that he interpreted the order of modification of February 26, 1926, to mean that the actual custody of the child had been given to and placed in the military school, with a right of visitation only being reserved to the parents. Having so construed the order of modification, petitioner contends that he was warranted, under the terms of section 224 of the Civil Code, in suggesting to the court in the petition that the father of the child need not be informed of the pendency of the adoption proceeding. He also asserts that it was for the court to preliminarily determine, as a jurisdictional matter, whether the father should be given notice, citing *Estate of McKeag,* 141 Cal. 403, 407, 408 [99 Am. St. Rep. 80, 74 Pac. 1039].

Section 224, *supra,* provides in effect that in adoption proceedings the consent of a parent divorced because of cruelty need not be secured. While this code section

may offer some explanation of petitioner's conduct, we cannot accept it as a complete and satisfactory excuse therefor. Research would have readily disclosed to him that under the authorities section 224 of the Civil Code does not eliminate the necessity of giving a parent notice of an adoption proceeding, even though the parent may have been divorced upon the ground of cruelty, where the court has subsequently granted custody of the child to said parent. (*Miller* v. *Higgins,* 14 Cal. App. 156, 164 [111 Pac. 403].) Aside from this phase of the case, however, there can be no justification for petitioner's inclusion of the clearly erroneous and false representation as to the custody of the minor being in the military school. His statement that he honestly misconstrued the order of modification to so read carries but little weight, for the original decree and each subsequent modification thereof is definite and positive in its award of custody. At the time petitioner employed the false averment above referred to, the records in the case of *Swanner* v. *Swanner* clearly showed that the custody of the minor was then in the father. That petitioner was aware of this and must therefore have deliberately falsified the fact in the petition for adoption, with the intention of misleading the Superior Court of Los Angeles County, is attested by the fact that petitioner then had on file in the Superior Court of Orange County a petition seeking modification and transfer of custody *from the father* to the mother. This latter petition, which was still pending and undetermined at the time of the filing of the adoption petition, contains an averment that ''at the present time the custody of said child is with the defendant [the father], but that said order . . . permits the plaintiff [petitioner's client] to have the custody of said child on alternate weekends''. It is thus apparent that petitioner had correctly informed himself as to the status of the custody of the child, and was not laboring under any misapprehension in this regard. Under these circumstances, his subsequent misstatement of the fact, made only six weeks thereafter, and to a court unfamiliar with the litigation, cannot be excused as an honest and unintentional error. That petitioner was seeking to secure an advantage for his client by deliberately misleading the court seems to us very clear. Such conduct is highly reprehensible, and a flagrant violation of an at-

torney's duty. Section 282 of the Code of Civil Procedure provides that "It is the duty of an attorney and counselor: . . . (4) To employ, for the purpose of maintaining the causes confided to him, such means only as are consistent with truth, and never seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law . . . " Petitioner's unethical conduct in the particular mentioned calls for severe condemnation and the infliction of suitable punishment.

We need not go at any great length into the second charge of unprofessional conduct directed at the petitioner. Nothing of a serious nature is therein involved. It is found that petitioner had, either personally or otherwise, procured the service of an unfiled complaint for alimony alleged to be owing to the plaintiff from the defendant in the divorce action. There is evidence tending to show that petitioner's associate counsel, explaining at the time his inability to then return to Orange County for the filing thereof and requesting that service be accepted prior to filing, had served the unfiled complaint upon the adversary counsel. To this the adversary counsel agreed. Whatever may have been the motive, we do not perceive anything meriting the infliction of punishment. Petitioner and his associate may well have determined to abandon the action after having served the unfiled complaint. While the procedure was irregular and unusual, it could not have harassed the opposition to any great extent, for they were apprised of the fact that the complaint had not been filed nor summons issued thereon. Moreover, the defendant named in the complaint [the father of the minor], being himself an attorney, was probably not greatly disturbed by the service of an unfiled paper.

Because of petitioner's attempt to mislead the court in a pending proceeding by means of the false averment of a material fact within his knowledge, it is ordered that he be suspended from the practice of the law in all the courts of this state for a period of three months beginning on the tenth day from the date of the filing of this order.

Shenk, J., Curtis, J., Preston, J., and Seawell, J., concurred.