[L. A. No. 12540. In Bank.—August 15, 1931.]

E. S. GREEN, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

E. S. Green, *in pro. per.*, and Earl Stuart Rhode for Petitioner.

Benjamin F. Bledsoe and William M. Farrer for Respondent.

WASTE, C. J.—Petitioner E. S. Green was brought before local administrative committee No. 3 of The State Bar

for the county of Los Angeles, to show cause why he should not be disbarred, suspended or reproved for conduct alleged to involve moral turpitude. At the conclusion of its hearings, the local committee made findings upon which it based a recommendation that petitioner be suspended from the practice of the law for the period of one year. The board of governors adopted the findings, but has recommended that petitioner be disbarred. This is a proceeding to review the action and recommendation of The State Bar.

There is no merit in petitioner's points questioning the completeness of the record filed herein or attacking the regularity and validity of the proceedings taken against him. Nor do we think petitioner's client was coerced or compelled to divulge confidential communications between herself and petitioner. We therefore pass to a consideration of the circumstances giving rise to petitioner's difficulties.

On May 11, 1929, Fannie K. Harder, a client of petitioner, purported to transfer and assign her interest in certain valuable securities, then held by the Title Guarantee & Trust Company, to one Frances Ficker, the latter name being the maiden name of the said Fannie K. Harder. The purported transfer to "Frances Ficker" was apparently prompted by the desire to avoid the levy of an attachment issued in the case of *Platina Eschelbach* v. *Fannie K. Harder*. A motion was subsequently made in the Eschelbach case to set aside this purported transfer and to subject the securities, so fraudulently transferred, to the lien of the attachment. It is found by the local administrative committee that at the hearings on this motion, held respectively on June 27, and July 23, 1929, the petitioner had appeared for the defendant Fannie K. Harder, both as attorney and as witness, and testified under oath that he knew Frances Ficker to be an existing person and that she was his client and had been introduced to him by Mrs. Fannie K. Harder at the latter's home. The committee also found that prior to either of the two court hearings on the motion, the petitioner had been informed and advised by his client, Fannie K. Harder, that her maiden name was Frances Ficker, and, knowing that Fannie K. Harder and Frances Ficker were one and the same person, and knowing that Frances Ficker was the maiden name of Fannie K. Harder, petitioner deliberately misled the court, and falsely testified

as to the facts of the case, and permitted his client to testify in his presence to facts which the petitioner then knew to be false, and maintained silence before the court when he owed the duty to the court of bringing out the true facts, thereby working a fraud upon the court.

We have carefully examined the record in this proceeding, and conclude that while the evidence is conflicting in some particulars, there is ample to support the findings above narrated. In fact, petitioner himself testified before the investigating committee that he had never been introduced to anyone by the name of Frances Ficker, nor had he ever handled any legal business for anyone by that name. A reading of the entire record fails to convince us that petitioner was unaware of the fraud being practiced upon the court. His conduct was such as to constitute a violation of his duty as an attorney and officer of the court never to "mislead the judge or any judicial officer by an artifice or false statement of fact". (Code Civ. Proc., section 282 [4].)

In *Bruns* v. *The State Bar, ante,* p. 151 [1 Pac. (2d) 989], we suspended the offending attorney for a period of three months for an attempt to mislead the court by means of the inclusion of a false averment of fact in a pleading filed on behalf of a client. Petitioner's conduct is more reprehensible and deserving of greater condemnation and more severe punishment because his deception of the court resulted from the giving of false testimony while under oath in court.

It is therefore ordered that petitioner be suspended from the practice of the law in all the courts of this state for a period of one year, said suspension to become effective thirty days from the service of notice of the within order, said service to be made upon him by the clerk of this court by means of the United States registered mail.

Preston, J., Langdon, J., Curtis, J., and Seawell, J., concurred.