[S. F. No. 22071.   In Bank.   Sept. 13, 1965.]

ALAN GROVE, Petitioner, v. THE STATE BAR OF
CALIFORNIA, Respondent.

Alan Grove, in pro. per., for Petitioner.

F. LaMar Forshee and Herbert M. Rosenthal for Respondent.

THE COURT.—Petitioner, a member of the bar since June 17, 1959, was charged by a local administrative committee with violating his duty as an attorney (Bus. & Prof. Code, § 6103) by misleading a judge (Bus. & Prof. Code, § 6068, subd. (d)) and by committing acts of moral turpitude and dishonesty (Bus. & Prof. Code, § 6106). The local committee found against petitioner. The Board of Governors agreed with the committee's findings and recommended a three-month suspension.

In September 1961 Adell S. Benner retained petitioner, who maintains offices in Hayward, to represent her in an action for divorce against her husband, Elmer E. Benner. In October 1961 petitioner served Mr. Benner with an order to show cause, returnable in Department No. 15 of the Alameda County Superior Court, at 2 p.m. on November 22, 1961. Approximately one week prior to November 22, Patrick Coleman, Mr. Benner's attorney, telephoned petitioner from Los Angeles and requested a continuance on the ground that he anticipated being in trial in Los Angeles on November 22. Since Mrs. Benner had complained of the delays her two previous attorneys had incurred, petitioner refused the request. On the morning of November 22, Mr. Coleman telephoned petitioner's office and informed petitioner's secretary, Mrs. Chapman, that he could not get a plane out of Los Angeles in time for the hearing. He therefore requested a continuance of one week. The evidence, although in conflict, indicates that Mrs. Chapman responded that she could not grant the request but would advise petitioner of it and did not believe there would be any problem. She said that petitioner would telephone Mr. Coleman. She gave petitioner the message about noon, and petitioner responded: "That is tough. I will make the appearance anyhow." Petitioner contends that he tried to telephone Mr. Coleman, but that he could not reach him. At 2 p.m., petitioner appeared at the hearing before Superior Court Judge Lyle Cook. Judge Cook

testified that he normally asks a party whether someone is appearing on the other side, and that he assumes he did on this occasion. Judge Cook recalled that petitioner failed to advise him of Mr. Coleman's telephone call and the request for a continuance, and thus he treated the case as a default matter. Several days later, Mr. Coleman notified Judge Cook of his request for a continuance, and he replied that he would delay the signing of the order until Mr. Coleman had an opportunity to appear. Judge Cook then conferred with petitioner about the matter and reminded petitioner that he had not informed the court of the request for a continuance. Judge Cook testified that petitioner replied that he didn't feel he was obliged to. Petitioner, supported by an affidavit by Mrs. Benner,[1] contends that he did inform Judge Cook of the telephone call. Petitioner concedes, however, that he does not remember what happened at the hearing, and relies on a memorandum he made several weeks later to support his contention that he did inform the judge. Moreover, he does not deny that he told Judge Cook that he did not consider himself obligated to inform the court of the telephone call, although he contends that he also told the judge at the time that he had in fact informed him of the call. Faced with this conflict in the testimony, the board found that petitioner knew of the telephone call, that he did not inform Judge Cook of the call at the hearing, and that he did not inform him that Mr. Benner's attorney had requested a continuance. Thus, the board found that petitioner "wilfully and deliberately concealed his knowledge that Patrick Coleman represented the defendant and had requested that the matter be continued. [Petitioner] thereby intentionally misled the Judge."

Petitioner contends that the evidence is insufficient to support the findings of fact made by the Board of Governors.

---

[1]Mrs. Benner says in her handwritten affidavit: "I remember distinctly that you told the Judge Donald [sic] Cook that your answering service had gotten a phone call at the last minute almost from Mr. Coleman saying they couldn't get reservations or were afraid they couldn't get back to L.A. But since you weren't in the office to get the message the Judge decided to go ahead with the trial." This affidavit, supplied after petitioner telephoned Mrs. Benner, is at least in part clearly inaccurate. Mr. Coleman talked to petitioner's secretary, not his answering service, and told her he couldn't get a plane from Los Angeles, not back to Los Angeles, and the Judge's name is Lyle Cook, not Donald Cook. Moreover, Judge Cook's recollection that petitioner was silent about the phone call is in direct conflict with Mrs. Benner's statement that he proceeded with the hearing because petitioner had not personally received the telephone call.

■ "Although the board's 'findings are not binding on this court, which will itself pass upon the sufficiency and weight of the evidence . . . petitioner has the burden of showing wherein the decision of the board is erroneous or unlawful.' " (*Linnick* v. *State Bar,* 62 Cal.2d 17, 19 [41 Cal.Rptr. 1, 396 P.2d 33] ; *Higgins* v. *State Bar,* 46 Cal.2d 241, 242 [293 P.2d 455].) We have concluded that petitioner has not met this burden.

■ Petitioner contends that the failure to convey Mr. Coleman's request for a continuance does not constitute misleading "the judge or any judicial officer by an artifice or false statement of fact or law." (Bus. & Prof. Code, § 6068, subd. (d).) There is no merit to this contention. The concealment of a request for a continuance misleads the judge as effectively as a false statement that there was no request. No distinction can therefore be drawn among concealment, half-truth, and false statement of fact. (See *Green* v. *State Bar,* 213 Cal. 403, 405 [2 P.2d 340].) "It is the endeavor to secure an advantage by means of falsity which is denounced." (*Pickering* v. *State Bar,* 24 Cal.2d 141, 145 [148 P.2d 1].)

■ Moreover, there is no merit to petitioner's contention that misleading the judge does not constitute an "act involving moral turpitude" condemned by Business and Professions Code, section 6106. (See *McMahon* v. *State Bar,* 39 Cal.2d 367, 369 [246 P.2d 931] ; *Pickering* v. *State Bar,* 24 Cal.2d 141, 142-145 [148 P.2d 1].)

■ Finally, petitioner contends that the Board of Governors erred in refusing to continue the hearing to obtain transcripts of two proceedings in the *Benner* case subsequent to the hearing of November 22, 1961. Petitioner did not remember what happened in these proceedings, but hoped that there would be some indication in them that he had informed the court of Mr. Coleman's telephone call. There is no indication, however, that petitioner could not have obtained these transcripts in advance of his appearance before the Board of Governors or that they would have been sufficient to rebut the evidence against him. Under these circumstances, petitioner was not prejudiced by the board's refusal to obtain the transcripts.

■ Although petitioner's conduct warrants censure, we do not believe that a three-month suspension is justified. There is nothing in the record to indicate that petitioner planned to mislead Judge Cook, and his failure to disclose that Mr. Benner was represented by an attorney who had

requested a continuance may have reflected only a spur of the moment decision motivated by an overzealous regard for his client's interest. With the exception of one private reproval by the Board of Governors, petitioner's record as an attorney is without previous blemish. Under these circumstances we conclude that a public reprimand will constitute sufficient discipline. This opinion shall serve as such reprimand.