[S.F. No. 23397. July 19, 1976.]

DUNCAN P. DAVIDSON, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

■■■■■■■■■■■■■

■■■■■■■■■■■■■

■■■■■■■■■■■■■

## Counsel

Duncan P. Davidson, in pro. per., and Jerome Marks for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

## Opinion

**THE COURT.**—Proceeding to review recommendation of the Disciplinary Board of the State Bar (board) that petitioner be suspended from practice for two years upon conditions of probation with no actual suspension.

The local committee and board found that petitioner engaged in conduct violative of Business and Professions Code sections 6068 and 6103.

In January 1971, petitioner was retained by Mr. Roddick to institute dissolution proceedings and secure custody of his minor child, Jimmy. On January 20 Mr. Roddick's wife obtained an ex parte order from Judge Gardiner directing Mr. Roddick to return custody of Jimmy. The following day, petitioner, without knowledge of Judge Gardiner's order, obtained an order from Judge McGuire awarding temporary custody to Mr. Roddick.

Mr. Roddick notified petitioner by telephone of the service of Judge Gardiner's order. Petitioner informed Mr. Roddick that he had obtained a contradictory custody order and advised him to wait until petitioner could determine which order was effective. Judge McGuire vacated his order in the late afternoon of January 21 on the basis of an ex parte declaration prepared by Mrs. Roddick's attorney.

■■■■

· The following morning, petitioner prepared a declaration supporting a renewed attempt to secure a custody order. This declaration disclosed the existence of neither Judge Gardiner's order nor Judge McGuire's vacation of his order. Petitioner attempted to present the declaration to both Judge Gardiner and Judge McGuire. Both being unavailable, petitioner presented the declaration to Judge Wilson who granted temporary custody to Mr. Roddick.

On January 25 Judge Wilson vacated his order, directing petitioner and Mr. Roddick to appear before him on January 27 to report compliance with Judge Gardiner's order. Mr. Roddick and Ms. Cooper testified that on January 26 petitioner advised Mr. Roddick to take Jimmy to Los Angeles and told them he would persuade Judge Wilson to modify his order. Petitioner conceded that he had advised his client to take Jimmy to Los Angeles for the purpose of seeing a child psychiatrist but that he further told Mr. Roddick not to do so until after a modification of Judge Wilson's order had been obtained. Later that day, petitioner received a message from Mr. Roddick that Jimmy had been taken to Los Angeles and that Mr. Roddick could be reached at a given telephone number.

On January 27 petitioner appeared alone before Judge Wilson and informed him that Jimmy had been taken to Los Angeles and that he did not know his or Mr. Roddick's exact location. In response to the judge's inquiry, petitioner stated he knew the telephone number of the child psychiatrist who may or may not be able to reach Mr. Roddick. Petitioner did not disclose to Judge Wilson either Mr. Roddick's message or his Los Angeles telephone number.

■ Charges of attorney misconduct should be sustained by convincing proof to a reasonable certainty. (*Bluestein* v. *State Bar* (1975) 13 Cal.3d 162, 168 [118 Cal.Rptr. 175, 529 P.2d 599]; ·*Skelly* v. *State Bar* (1973) 9 Cal.3d 502, 508 [108 Cal.Rptr. 6, 509 P.2d 950].) ■ Findings of the local committee and of the board are not binding on this court; we reweigh the evidence and pass upon its sufficiency. (*Bluestein* v. *State Bar, supra,* at p. 168; *Bodisco* v. *State Bar* (1962) 58 Cal.2d 495, 497 [24 Cal.Rptr. 835, 374 P.2d 803].) ■ Reasonable doubt is resolved in favor of the petitioner. (*Vaughn* v. *State Bar* (1972) 6 Cal.3d 847, 852 [100 Cal.Rptr. 713, 494 P.2d 1257]; *Himmel* v. *State Bar* (1971) 4 Cal.3d 786, 793-794 [94 Cal.Rptr. 825, 484 P.2d 993].)

■ It has not been established to a reasonable certainty that petitioner misled Judge Wilson on January 22 or advised his client to disobey Judge Wilson's January 25 order. Petitioner's testimony that he orally informed Judge Wilson of the facts missing from his January 22 declaration was contradicted in the record only by a partial transcript of proceedings held on January 27. Judge Wilson was not called and did not appear in the proceedings below. ■ Mr. Roddick's testimony that petitioner advised him to take Jimmy to Los Angeles was hedged by Mr. Roddick's admissions that he could not accurately recall the events in question and was uncertain of their sequence. Ms. Cooper's testimony was less equivocal, contradicting petitioner's version of his advice. Petitioner's testimony, however, is plausible and not otherwise contradicted by the record. The evidence when viewed in the context of the entire record supports a reasonable inference of petitioner's lack of misconduct regarding his advice to his client. (*Vaughn* v. *State Bar, supra,* 6 Cal.3d 847, 852.)

■ However, the record supports the finding that petitioner failed to disclose to Judge Wilson his knowledge of a telephone number by which Mr. Roddick could be reached in Los Angeles. Concealing material facts cannot be condoned. (See *Grove* v. *State Bar* (1965) 63 Cal.2d 312, 315 [46 Cal.Rptr. 513, 405 P.2d 553].)

The record also discloses mitigating circumstances. Petitioner's conduct occurred in confused circumstances caused by contradictory ex parte custody orders and was not undertaken in an attempt to secure personal gain. (*In re Higbie* (1972) 6 Cal.3d 562, 573 [99 Cal.Rptr. 865, 493 P.2d 97].) Many letters of recommendation have been submitted attesting to petitioner's competent performance as an attorney subsequent to 1971. Reports by petitioner's superiors at his place of employment subsequent to the events in issue indicate that petitioner has applied himself diligently to his legal tasks. Petitioner has not been disciplined previously except for a public reproval concerning a fee dispute with a client.

Reviewing the entire record, we conclude that petitioner's nondisclosure to Judge Wilson involved moral turpitude calling for public reprimand. This opinion shall serve as such reprimand.

McComb, J., did not participate.