[L.A. No. 31174. May 22, 1980.]

FRANK DI SABATINO, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Bruce P. Wolfe for Petitioner.

Herbert M. Rosenthal and Magdalen Y. O'Rourke for Respondent.

OPINION

**THE COURT.**—This is a proceeding to review the recommendation of the Disciplinary Board of the State Bar of California that petitioner Frank Di Sabatino be publicly reproved. We conclude that the board's recommendation should be followed.

Petitioner was admitted to practice in 1971, and has no prior record of discipline. The board found that he misled a bail commissioner by failing to disclose all of the facts surrounding his efforts to obtain a reduction of bail for his clients. Petitioner represented three defendants in a criminal matter. They were arraigned in the municipal court on narcotics charges before Commissioner Kartozian on December 13, 1976. He set bail at $50,000 for each defendant. Commissioner Kartozian denied petitioner's motion for a reduction of bail even though it was unopposed by the prosecution.

Later the same day petitioner appeared before Municipal Court Judge Morse and again requested a reduction of bail. Judge Morse refused to reduce bail at that time, continued the bail hearing to December 16, 1976, and ordered that bail remain at $50,000 for each defendant in the interim.

Still later that day, after his appearance before Judge Morse, petitioner learned that the superior court bail commissioner who would be on duty that evening would be Commissioner Ziskrout. Petitioner called Commissioner Ziskrout sometime after 7 p.m. and requested a reduction of bail. Petitioner advised Commissioner Ziskrout that he had appeared in court with his clients, but he did not mention the two previous bail reductions motions. Commissioner Ziskrout knew or should have known that bail had been set at $50,000 for each of petitioner's clients. Based on petitioner's representations Commissioner Ziskrout reduced bail for each defendant to $10,000. Commissioner Ziskrout

testified at the disciplinary hearing that he would not have reduced the bail if he had known about the two prior bail hearings and the fact that at each hearing the original amount of bail, $50,000, had been retained by the court.

 The board concluded that petitioner's failure to disclose to Commissioner Ziskrout the fact that he had made two other bail reduction motions that day which were denied constituted a concealment of information which misled the commissioner who would not have reduced bail had he known of the earlier denials.

Petitioner contends that the question of whether he failed to disclose the information regarding the two prior bail motions is irrelevant because the commissioner knew or should have known that bail had been set.[1] He argues that he had no duty to make such disclosures because he was entitled to assume that the commissioner had sufficient knowledge of criminal law to realize that the question of bail must have been addressed in the court appearance he referred to.[2] It is petitioner's position that the commissioner would have asked if he had been concerned about whether there had been any prior bail proceedings.

We find petitioner's position untenable. An attorney is obligated to "employ, for the purpose of maintaining the causes confided to him such means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." (Bus. & Prof. Code, § 6068, subd. (d); see also rule 7-105, Rules Prof. Conduct, for a similar statement.) The quoted statute "*unqualifiedly* require[s] an attorney to refrain from acts which mislead or deceive the court." (*Sullins* v. *State Bar* (1975) 15 Cal.3d 609, 620-621 [125 Cal.Rptr. 471, 542 P.2d 631].) It is settled that conceal-

[1]Petitioner suggests in his brief that there is a question of fact as to whether he advised Commissioner Ziskrout of the two prior bail hearings. The record is wholly devoid of support for this suggestion. Petitioner admitted that he did not so advise the commissioner, and his testimony was corroborated by that of Commissioner Ziskrout. The only question of fact was whether Ziskrout had earlier been advised of the prior bail hearings by another attorney who was associated with petitioner on the case. The attorney testified that he had so advised the commissioner. Ziskrout, however, did not recall any such advisement, and the board found in favor of his testimony. The attorney's testimony conflicted in part with a letter he had sent to the State Bar, and his attempt to explain the discrepancy was less than persuasive.

[2]The short answer to this argument is one stated by Justice Brandeis: "A judge is presumed to know the elements of law, but there is no presumption that he knows the facts." (Jackson, The Wisdom of the Supreme Court (1962) p. 227.)

ment of material facts is just as misleading as explicit false statements, and accordingly, is misconduct calling for discipline. (*Grove v. State Bar* (1965) 63 Cal.2d 312, 315 [46 Cal.Rptr. 513, 405 P.2d 553]; *Sullins v. State Bar, supra*, 15 Cal.3d at p. 622; *Davidson v. State Bar* (1976) 17 Cal.3d 570, 574 [131 Cal.Rptr. 379, 551 P.2d 1211].)

■ Petitioner clearly had an affirmative duty to inform Commissioner Ziskrout fully and completely as to all relevant facts and circumstances regarding his request for bail reduction. The fact that the commissioner could have asked about the existence of prior bail reduction motions does not relieve petitioner of his duty of disclosure. It is disingenuous to suggest that a bail commissioner asked to take after hours action would consider it irrelevant that two prior motions for bail reduction had been denied. It is also contrary to the function of a bail commissioner, as set forth in Penal Code section 810, subdivision (a).[3] It is clear from this statute (see fn. 3, *ante*) that the function of the bail commissioner is to provide emergency services in situations when a hearing could not be had during regular court hours and not to be a forum for review of prior bail decisions.

Petitioner further contends that the recommended discipline is unwarranted because there is no evidence that his nondisclosure of the two prior bail motions was intentional or deliberate. Any failing on his part, he asserts, occurred through negligence rather than by design in that he assumed that the commissioner would realize that the bail question had been addressed in the court appearance he told the commissioner he had made with his clients. The board impliedly found to the contrary when it characterized petitioner's nondisclosure as "concealment" of the information. ■ "While it is true...that we are not bound by the findings of the...Board, these findings must be given great weight, especially when, as in this case, they rest primarily on testimonial evidence. [Citation.] In reweighing the evidence and passing upon its sufficiency, we resolve all reasonable doubts in favor of the accused; however, he bears the burden of showing that his conduct was not wilful and did not violate his oath and duties as an attorney. In meeting this

---

[3]Subdivision (a) of section 810 provides: "The presiding judge of the superior court, the presiding judge of each municipal court in a county, and the judge of each justice court in a county, shall, as often as is necessary, meet and designate on a schedule not less than one judge of the superior court, municipal court or justice court to be reasonably available on call as a magistrate for the setting of orders for discharge from actual custody upon bail, the issuance of search warrants, and for such other matters as may by the magistrate be deemed appropriate, *at all times when a court is not in session in the county*." (Italics added.)

burden, he must demonstrate that these findings "'are not sustained by convincing proof and to a reasonable certainty.'"" (*Spindell* v. *State Bar* (1975) 13 Cal.3d 253, 259 [118 Cal.Rptr. 480, 530 P.2d 168, 80 A.L.R.3d 1231].)

■ Petitioner has failed to meet this burden. The only evidence that his behavior was not willful was petitioner's self-serving assertion which the board apparently found unconvincing, as do we. It is inconceivable, in our view, that petitioner's failure to mention not one, but two, motions to reduce bail made that very day was other than an intentional effort to conceal such information.

In summary, we conclude that petitioner's nondisclosure of material facts constituted misconduct warranting discipline. Public reproval, as recommended by the board, appears appropriate in view of all of the circumstances revealed in our review of the entire record. (Cf. *Davidson* v. *State Bar, supra*, 17 Cal.3d 570 [attorney publicly reproved for nondisclosure of material fact; prior public reproval; mitigating circumstances found]; *Sullins* v. *State Bar, supra*, 15 Cal.3d 609 [attorney publicly reproved for nondisclosure of material information; no prior record of discipline].) This opinion shall serve as such a reproval.

**MOSK, J.**—I dissent.

A trivial incident in which the petitioner was zealously, and legally, serving the interests of his clients and no self-interest has been magnified out of all proportion. There was no commission or omission that merits discipline by the bar.

Petitioner represented three defendants charged with a narcotics offense. At arraignment on December 13 the district attorney declared he would not object to reduction of bail from the $50,000 each originally requested by the sheriff to $10,000. Nevertheless the municipal court commissioner set bail at $50,000.

The same day petitioner appeared in open court before a municipal court judge and again requested a reduction of bail to $10,000. The hearing was continued to December 16 and bail remained at $50,000 in the interim. After the hearing petitioner advised the district attorney and the sheriff's investigating officer that he would seek a reduction in the superior court, and both stated they would not oppose bail reduction to $10,000.

Immediately thereafter the petitioner contacted the superior court bail commissioner, David Ziskrout, and upon representation that bail had been set at $50,000 for each defendant but that neither the district attorney nor sheriff would oppose reduction to $10,000 for each, the commissioner so reduced the bail.

Two questions emerge: was an injustice committed, and was the commissioner deceived by this attorney. It seems crystal clear to me that both queries must be answered in the negative.

That reduction of bail to $10,000 was not improper under all the circumstances is confirmed not only by acquiescence of the prosecuting agencies, but by subsequent action of the municipal court. On December 16 the municipal court judge before whom the preliminary hearing was set reduced bail on each defendant to $7,500.

The superior court commissioner could not have been deceived for he was advised bail had been set at $50,000 and he was being asked for a reduction to $10,000. Since it was his duty to independently determine the appropriate bail, the conclusion—actually the mere deferment of action—of a judicial officer at a lower level should have been of no significance.

It would be reassuring if this were among the more serious charges to be leveled against a California attorney. But I strongly suspect there is more egregious malfeasance than this minutia among a few of our more irresponsible and unethical legal brethren that should occupy the time and attention of the State Bar and this court.

I would dismiss the proceeding.

Bird, C. J., concurred.

NEWMAN, J., Dissenting.—I agree with Justice Mosk. Especially does it seem unwise to exploit "the time and attention of the State Bar" when pecadillos occur in a setting where the judge or other adjudicator who is involved may easily dispose of the matter. Is it not appropriate, for instance, to proceed informally in the manner typically apt when an alleged "contempt," even where admitted or proved, leads merely to private admonition?

With regard to "the time and attention…of this court," here again we see exemplified the kind of State Bar case that in my view should be transferred pursuant to California Constitution, article VI, section 12. (Cf. conc. opn. in *Bib'le* v. *Committee of Bar Examiners* (1980) 26 Cal.3d 548, 556 [162 Cal.Rptr. 426, 606 P.2d 733].)

Petitioner's application for a rehearing was denied June 19, 1980. Bird, C. J., and Mosk, J., were of the opinion that the application should be granted.