TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

------------------------------
                                        :
OPINION                                 :
                                        :
of                                      :
                                        :
JOHN K. VAN DE KAMP       :         No. 87-401
Attorney General          :
                          :         MARCH 3, 1988
RODNEY O. LILYQUIST       :
Deputy Attorney General   :
                                        :
----------------------------------------------------------------

THE HONORABLE JOHN A. DOUGHERTY, DISTRICT ATTORNEY, SACRAMENTO COUNTY, has requested an opinion on the following questions:

1. Does state law require a defense attorney to file a written declaration of supporting facts under penalty of perjury when applying for a reduction in bail or an own recognizance release on behalf of a defendant?

2. Does state law require a defense attorney to notify the district attorney when applying for a reduction in bail or an own recognizance release on behalf of a defendant?

CONCLUSIONS

1. State law does not require a defense attorney to file a written declaration of supporting facts under penalty of perjury when applying for a reduction in bail or an own recognizance release on behalf of a defendant.

2. State law requires a defense attorney to notify the district attorney when applying for a reduction in bail on behalf of a defendant after an information or indictment has been filed, when an own recognizance release is sought following arrest for one or more specified violent felonies, and where admission to bail is a matter of discretion rather than a matter of right.

ANALYSIS

When a person is arrested for committing a crime, he or she must generally remain in the custody of the person making the arrest or of the peace officers to whom he or she is delivered.  Of course, the person is ultimately released after any court trial in which he or she has been found not guilty or after serving any sentence upon being convicted of the crime.  The law also authorizes, however, release while criminal proceedings are still pending.

The traditional method of obtaining the release from custody of a defendant pending a criminal trial is by posting "bail."  Bail is normally thought of as a sum of money that is deposited with the court and forfeited if the defendant fails to appear when his or her presence is required.  (See Cal. Const., art. I, § 12;  Pen. Code, §§ 1268, 1273; In re Boyle (1974) 11 Cal.3d 165, 169; 1 Erwin, et al., Cal. Criminal Defense Practice (1987) § 12.01, pp. 4-11; Cal. Criminal Law Procedure and Practice (Cont.Ed.Bar 1986), §§ 3.18-3.19, pp. 48-49 (hereafter CEB); George, 1986 Cal. Superior Court Criminal Trial Judges' Benchbook (1986) p. 94; 2 La Fave & Israel, Criminal Procedure (1984) § 12.1, pp. 113-115; Fricke & Alarcon, Cal. Criminal Procedure (8th ed. 1974) pp. 60-63; Witkin, Cal. Criminal Procedure (1963) §§ 148-151, pp. 141-144.)[1]

More recently courts have been authorized to order the release of a defendant on his or her "own recognizance" while the proceedings are pending.  Under this procedure the defendant agrees to appear in court as required and acknowledges that a willful failure to appear constitutes a separate offense.  (See Cal. Const., art. I, § 12; §§ 1269c, 1270, 1318-1320; Van Atta v. Scott (1980) 27 Cal.3d 424, 431-432; 1 Erwin, supra, § 12.10, pp. 50-58; CEB, supra, §§ 3.10-3.17, pp. 45-48; George, supra, p. 98; Witkin, supra, § 166, pp. 158-159.)

While bail may be posted in cash by or on behalf of the defendant (see § 1295), a surety bond is also often used whereby the surety guarantees payment of the amount of the bail if

---

[1]All references hereafter to the Penal Code are by section number only.  In Sawyer v. Barbour (1976) 142 Cal.App.2d 827, 833-834, the court stated:

"Various connotations have been accorded the term 'bail.'  Strictly speaking, bail is the person in whose custody the defendant is placed when released from jail and who acts as surety for the defendant's later appearance in court.  The term is also used to refer to the undertaking by the surety into whose custody the defendant is placed that he will produce the defendant in court at a stated time and place.  [Citations.]  The popular meaning of 'bail' is simply that it is '[t]he security given for the due appearance of a prisoner in order to  obtain his release from imprisonment.'  [Citation.]  When used in this sense, bail can mean     either cash or bond.  The courts of this state recognize that bail may have this broad meaning. [Citations.]"

the defendant does not appear as required (see §§ 1269, 1269b). Government bonds and equity in real property may also be accepted in posting bail. (§ 1298.) The bail amount is determined in one of three ways: (1) a bail schedule is adopted by the judges of the county fixing the amount of the bail for each offense, (2) when a warrant of arrest is issued by a magistrate, the amount of the bail is endorsed on the warrant, and (3) when a defendant appears in court, the judge fixes the amount of the bail. (§§ 815a, 1269b.) Subdivision (b) of section 1269b states:

> "If a defendant has appeared before a judge of the court on the charge contained in the complaint, indictment, or information the bail shall be in the amount fixed by such judge at the time of such appearance; if no such appearance has been made, the bail shall be in the amount fixed in the warrant of arrest or, if no warrant of arrest has been issued, the amount of bail shall be pursuant to the uniform countywide schedule of bail for the county in which the defendant must appear, previously fixed and approved . . . ."

The court in which the action is pending may increase or decrease the amount of a defendant's bail upon the application of either party. (§§ 1269c, 1289.)[2] The two questions presented for analysis concern whether state law requires a defense attorney (1) to file a written declaration under penalty of perjury in support of an application to reduce the amount of the bail or to release the defendant on his or her own recognizance and (2) to notify the district attorney of such application.

1. Written Declaration

Hearings held to set or reduce bail or to release the defendant on his or her own recognizance have traditionally been informal. (See CEB, supra, § 3.21, p. 49; George, supra, p. 94; 2 La Fave & Israel, supra, § 12.1, pp. 116-117.) As described in one textbook:

> "A bail hearing is conducted by a judge or magistrate. It may be set at the request of the defendant or the prosecutor. The purpose of the hearing is for the magistrate to fix or change the amount of bail. Traditionally, the bail hearing is informal and devised to discover salient information relating to permissible guidelines for setting bail. Either side may produce evidence through testimony, declarations, or representations. See Van Atta v. Scott (1980) 27 Cal.3d 424, 437, 166 CR 149, 155. Usually the magistrate considers the defendant's record and oral representations from both sides without requiring a formal oath or declaration. However, the magistrate may require actual testimony, or affidavits or declarations. See 27 Cal.3d at 441, 166 CR at 157. Local court rules

---

[2]At least one judge of the superior, municipal, or justice court must "be reasonably available on call as a magistrate for the setting of orders for discharge from actual custody upon bail . . . at all times when a court is not in session in the county." (§ 810, subd. (a).) The judges of each of the courts are magistrates. (§ 808.)

frequently establish procedures for the hearing.  Both parties should be prepared to present evidence acceptable to the magistrate."  (CEB, supra, § 3.21, p. 49.)

The editors of another textbook have suggested that a written declaration may be "helpful":

"Although an oral motion to reduce bail may be made in the early stages of the proceeding, the usual practice is to make a written motion. . . .  Any favorable changes in the defendant's case since bail was set should be emphasized in a written memorandum accompanying the motion, and if declarations would be helpful, they should be included."  (1 Erwin, supra, § 12.02[3][a], p. 18.)

Another textbook writer, however, has recommended against the taking of sworn testimony in a bail hearing:

"A hearing may be held on . . . any . . . application for bail.  However, taking evidence in the nature of sworn testimony is not recommended.  The statements of counsel, make-sheets or reports counsel stipulate the judge can read are usually sufficient, but care should be taken to avoid making any factual finding adverse to the defendant which could disqualify the judge in future proceedings."  (George, supra, p. 94.)

We have found only one statute that remotely suggests a written declaration under penalty of perjury must accompany a bail reduction or own recognizance release application. Section 1269c states:

"In any case in which a defendant is arrested without a warrant for a bailable felony offense and a peace officer has reasonable cause to believe that the amount of bail set forth in the schedule of bail for that offense is insufficient to assure defendant's appearance, the peace officer shall prepare a declaration under penalty of perjury setting forth the facts and circumstances in support of his belief and file it with a magistrate, as defined in Section 808, in the county in which the offense is alleged to have been committed or having jurisdiction of the person of defendant, or a commissioner of such magistrate, requesting an order setting a higher bail.  The defendant, either personally or through his attorney, friend, or member of family, also may make application to such magistrate for release on bail lower than that provided in the schedule of bail or on his own recognizance.  The magistrate or commissioner to whom such application is made is authorized to set bail in such amount as he deems sufficient to assure the defendant's appearance, and to set such bail on such terms and conditions as he, in his discretion, deems appropriate, or he may authorize the defendant's release on his own recognizance.  If, after such an application is made, no order changing the amount of bail is issued within eight hours after booking, the defendant shall be entitled to be released on posting the amount of bail set forth in the applicable bail schedule."  (Emphasis added.)

It is, however, the peace officer who must file the declaration of supporting facts and circumstances under penalty of perjury when attempting to have the bail amount increased, not the defendant or someone acting on his or her behalf seeking a reduction of bail. The Legislature knew how to require a written declaration and did so in the one situation but not the other. (See Safer v. Superior Court (1975) 15 Cal.3d 230, 237-238; Santa Fe Transp. v. State Board of Equal. (1959) 51 Cal.2d 531, 538-539; Kaiser Steel Corp. v. County of Solano (1979) 90 Cal.App.3d 662, 668.) """When different language is used in the same connection in different parts of a statute it is presumed the legislature intended a different meaning and effect.""" (People v. Moore (1986) 178 Cal.App.3d 898, 903.) Section 1269c is plain and unambiguous in requiring only peace officers to file written declarations; we are not free to add words to the statute to require declarations from anyone else in the guise of statutory construction. (See People v. Boyd (1979) 24 Cal.3d 285, 294; Great Lakes Properties v. City of El Segundo (1977) 19 Cal.3d 152, 155; Solberg v. Superior Court (1977) 19 Cal.3d 182, 198.)

In answer to the first question, therefore, we conclude that state law does not require a defense attorney to file a written declaration of supporting facts under penalty of perjury when applying for a reduction in bail or an own recognizance release on behalf of the defendant.[3]

### 2. District Attorney Notification

An application for the reduction of bail or for an own recognizance release may be made at several stages of the proceedings. (See §§ 1269b, 1273, 1277, 1284; 1 Erwin, supra, §§ 12.02, 12.10, pp. 11-19, 50-53; CEB, supra, §§ 3.21, 3.42-3.50, pp. 49, 57-60; 2 La Fave & Israel, supra, § 12.1, pp. 113-119; Witkin, supra, §§ 152-154, 157, 166, pp. 145-147, 150, 158-159.) As previously noted, a magistrate is available day and night for ruling upon such applications. (§ 810, subd. (a).)

The Legislature has required that the district attorney be notified of a bail reduction or own recognizance release application in three separate situations. We believe that these statutory provisions limit the extent to which notice is required under state law.[4]

---

[3]Whether the filing of a written declaration on behalf of a defendant applying for a bail reduction or an own recognizance release may be required by a magistrate (see CEB, supra, § 3.21, p. 49) or local court rules (see CEB, supra, § 3.53, p. 61) is beyond the scope of this opinion.

[4]As with the requirement of written declarations, we were not asked to address whether a magistrate may request that the district attorney be notified in a particular case (see George, supra, p. 106.16) or whether the local court rules may so specify (see 1 Erwin, supra, § 12.10[7][a], p. 57).

Once an indictment or information has been filed, notification to the district attorney is required in all cases where the defendant seeks a reduction of the bail amount. Section 1289 states:

"After a defendant has been admitted to bail upon an indictment or information, the Court in which the charge is pending may, upon good cause shown, either increase or reduce the amount of bail. If the amount be increased, the Court may order the defendant to be committed to actual custody, unless he gives bail in such increased amount. If application be made by the defendant for a reduction of the amount, notice of the application must be served upon the District Attorney."

Section 1289 would be applicable to an application for an own recognizance release since such application would in effect seek the "reduction" to zero of the bail amount.

Another statutory provision requiring notice to the district attorney involves arrests for certain violent felonies. Section 1319 states:

"Before any person arrested for a violent felony is released on his or her own recognizance, a hearing shall be held in open court before the magistrate or judge, and the prosecuting attorney shall be given notice and a reasonable opportunity to be heard on the matter. A defendant charged with a violent felony shall not be released on his or her own recognizance where it appears by clear and convincing evidence that he or she previously has been charged with a felony offense and has willfully and without excuse from the court failed to appear in court as required while that charge was pending.

"The judge or magistrate who, pursuant to this section, grants or denies release on a person's own recognizance shall, within the time period prescribed in Section 825, state the reasons for that decision in the record. This statement shall be included in the court's minutes.

"As used in this section, the term 'violent felony' means any crime defined in Section 667.5."[5]

---

[5]Subdivision (c) of section 667.5 provides:

"(c) For the purpose of this section, 'violent felony' shall mean any of the following:

"(1) Murder or voluntary manslaughter.

"(2) Mayhem.

Finally, we note that section 1274 provides:

"When the admission to bail is a matter of discretion, the court or officer to whom the application is made must require reasonable notice thereof to be given to the district attorney of the county."

In our view section 1274 applies to an application to reduce bail previously fixed as well as one to make the initial bail determination and also to an application for the release of the defendant on his or her own recognizance. Admission to bail is a matter of discretion in certain circumstances after the defendant has been convicted at trial and seeks release from custody while applying for probation or appealing the conviction. (§ 1272; see 1 Erwin, supra, § 12.01, pp. 9-10; CEB, supra, § 38.16, p. 817; Witkin, supra, §§ 673-680; pp. 660-665.) Normally, prior

---

"(3) Rape as defined in subdivision (2) of Section 261.

"(4) Sodomy by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person.

"(5) Oral copulation by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person.

"(6) Lewd acts on a child under 14 as defined in Section 288.

"(7) Any felony punishable by death or imprisonment in the state prison for life.

"(8) Any other felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 on or after July 1, 1977, or as specified prior to July 1, 1977, in Section 213,264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5.

"(9) Any robbery perpetrated in an inhabited dwelling house or trailer coach, as defined in the Vehicle Code, or in the inhabited portion of any other building, wherein it is charged and proved that the defendant personally used a deadly or dangerous weapon, as provided in subdivision (b) of Section 12022, in the commission of that robbery.

"The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for such extraordinary crimes of violence against the person. (As amended by chapter 611, Statutes of 1987.)"

to conviction a defendant must be admitted to bail as a matter of right and not as a matter of judicial discretion.  Section 12 of article I of the Constitution states in part:

"A person shall be released on bail by sufficient sureties, except for:

"(a) Capital crimes when the facts are evident or the presumption great;

"(b) Felony offenses involving acts of violence on another person when the facts are evident or the presumption great and the court finds based upon clear and convincing evidence that there is a substantial likelihood the person's release would result in great bodily harm to others; or

"(c) Felony offenses when the facts are evident or the presumption great and the court finds based on clear and convincing evidence that the person has threatened another with great bodily harm and that there is a substantial likelihood that the person would carry out the threat if released."

In section 1270.5 the Legislature has additionally provided:

"A defendant charged with an offense punishable with death cannot be admitted to bail, when the proof of his or her guilt is evident or the presumption thereof great.  The finding of an indictment does not add to the strength of the proof or the presumptions to be drawn therefrom."

Hence a court must exercise discretion in a capital crime case in determining whether "the proof of [the defendant's] guilt is evident or the presumption thereof great."  (See In re Weinberg (1918) 177 Cal. 781.)  Similarly, with respect to felony offenses involving acts of violence on another person, the court must exercise discretion in determining whether the facts are evident or the presumption great and there is a substantial likelihood that the person's release would result in great bodily harm to others.  Lastly, with respect to felony offenses, the court must exercise discretion in determining whether the facts are evident or the presumption great and there is a substantial likelihood that the person will carry out a threat of great bodily harm to another.  We believe that in these capital and violent felony cases, bail is discretionary within the meaning of section 1274 and thus notice to the district attorney would be required.

We know of no other constitutional or statutory requirement for the notification of the district attorney when a defendant applies for a bail reduction or an own recognizance release.  Two recent Supreme Court decisions support the conclusion that no other notification is necessary.

In Van Atta v. Scott, supra, 27 Cal.3d 424, the Supreme Court examined whether the pretrial release and detention system then employed in San Francisco was constitutional.  One aspect of the program was that a detainee was allowed to seek release on his or her own recognizance "to the court at a formal hearing or upon an ex parte motion in chambers."  (Id., at

p. 432, fn. 4.)  While the court found the program to be deficient in several respects (Id., at p. 446), it did not question the authority of a magistrate to act upon a motion where the district attorney had not been given notice.[6]

In Di Sabatino v. State Bar (1980) 27 Cal.3d 159, the Supreme Court considered the ethical obligations of a defense attorney who repeatedly sought a reduction in bail from a judge and two bail commissioners during a 24-hour period.  The last motion was made without notification to the district attorney.  (Id., at p. 161.)[7]  The Supreme Court did not publicly reprove the attorney for making the third attempt an ex parte application but rather for failing to tell the second commissioner of the two previously unsuccessful motions.  (Id., at p. 164.)

In answer to the second question, therefore, we conclude that state law requires a defense attorney to notify the district attorney when applying for a reduction in bail or an own recognizance release on behalf of a defendant after the information or indictment has been filed, after an arrest for specified violent felonies, and where admission to bail is a matter of discretion rather than a matter of right.

* * * * *

---

[6]Section 1319 was enacted after the Van Atta decision.  (Stats. 1986, ch. 543, § 1.)

[7]The district attorney had not opposed the first two motions.  (Ibid.)