Filed 10/29/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KIM LEVINE et al., | 2d Civil No. B300824 |
| Plaintiffs, | (Super. Ct. No. 17CV03278) |
| | (Santa Barbara County) |
| v. | |
| JANET BERSCHNEIDER, | |
| Defendant and Respondent; | |
| JOHN B. RICHARDS, | |
| Objector and Appellant. | |

John B. Richards, an attorney, purports to appeal from the trial court's order finding him in contempt. He also appeals from the order to "pay monetary sanctions in the amount of $5,310.00 for his lack of candor [with the trial court about the fact that] settlement funds had been paid." He contends the trial court lacked both personal and subject matter jurisdiction to impose sanctions against him. We dismiss the attempt to appeal from the contempt finding and affirm the sanctions order.

*Facts*

Appellant represented tenants in litigation against their landlord, respondent Janet Berschneider. Harry Safarian represented respondent. The lawsuit settled. Because one of the plaintiffs was a minor, the settlement required approval from the trial court. On April 17, 2019, the trial court approved the minor's compromise. On May 22, 2019, appellant filed an ex parte application to shorten time on a motion to enforce the settlement agreement. He contended respondent and her counsel were taking too long to pay the plaintiffs the amounts agreed to in their settlement. The trial court set the matter for hearing on June 7, 2019. On June 3, 2019, appellant received checks from Safarian's office, paying the settlement in full.

Appellant nevertheless appeared at the June 7 hearing. He told the trial court, "I haven't received word from opposing counsel [Safarian]. I don't know – has there been any communication with the Court?" The court said there had not been. Appellant confirmed that he served opposing counsel by email with the motion to enforce the settlement agreement.

The trial court granted the motion. Its order found Safarian "in contempt for willfully failing to comply with [the] April 17, 2019 order," and ordered respondent "to immediately disburse" the settlement funds. The trial court also ordered Safarian to pay monetary sanctions of $4,630.30 to the plaintiffs within 10 days. At no time during the brief June 7 hearing did appellant inform the trial court that the settlement had already been paid in full.

Three days later, respondent filed an ex parte application for relief from the June 7 order pursuant to Code of Civil

2

Procedure section 473[1]; for reconsideration of the order pursuant to §1008; for an order to show cause against appellant for presenting false information to the court; and alternatively for an order staying the June 7 order pending hearing on a regularly noticed motion. Respondent's counsel explained that he did not attend the June 7 hearing because a staff member mistakenly informed him the hearing had been taken off calendar. Respondent requested the trial court reconsider its order and consider sanctioning appellant because he did not inform the court that he received the settlement checks before the June 7 hearing.

Appellant filed a written opposition to the ex parte application in which he contended there was no basis for relief under either section 473 or section 1008. He also contended that his statements at the June 7 hearing were not false because the trial court never asked him whether he had received the settlement checks.

Appellant made what he referred to as a special appearance at the June 12 hearing on respondent's ex parte application. He argued the trial court lacked personal jurisdiction over him because he had not been properly served with the ex parte application. He also argued the court lacked subject matter jurisdiction because there was no statutory basis for an award of sanctions against him.

The trial court took the matter under submission. On June 14, it entered an order vacating the sanctions against Safarian. It also issued an order to show cause against appellant "based

---

[1] All further statutory references are to the Code of Civil Procedure.

3

upon his lack of candor with the Court," and set a hearing date and a briefing schedule.

On June 21, appellant filed an opposition to the motion for reconsideration, which the trial court had already granted, and to the order to show cause. He again argued that he was not subject to sanctions because he made no false statements to the trial court. Appellant did not repeat the jurisdictional arguments he made at the June 12 hearing.

On July 15, the trial court filed its Order After Hearing in which it found appellant in contempt based on his lack of candor at the June 7 hearing and ordered him to pay sanctions of $5,310 to Safarian. It found that it had personal jurisdiction over appellant because his June 21 written opposition to the Order to Show Cause was a general appearance. (§410.50, subd. (a).) The trial court also concluded it had subject matter jurisdiction because appellant's lack of candor at the June 7 hearing was both contemptuous and conduct in bad faith within in the meaning of sections 128.5 and 1209.

*Discussion*

Contempt Appealability.

A trial court's judgment or order in a contempt matter is "final and conclusive." (§1222.) It is not, however, appealable. (§904.1, subd. (a)(1).) Review of a contempt order is available only by petition for extraordinary writ. (*In re Buckley* (1973) 10 Cal.3d 237, 240; *Davidson v. Superior Court* (*City of Mendota*) (1999) 70 Cal.App.4th 514, 522.) We decline to construe the notice of appeal as a petition for an extraordinary writ. (*Imuta v. Nakano* (1991) 233 Cal.App.3d 1570, 1584.)

4

<u>Sanctions Appealability.</u>

The trial court imposed sanctions pursuant to section 128.5. An order directing payment of monetary sanctions is directly appealable, where, as here, the amount of the sanction exceeds $5,000. (§904.1, subd. (a)(12).)

<u>Counsel's Duty of Candor</u>.

In his briefs on appeal, and again at oral argument, appellant protested that he made no false or misleading statements to the trial court because the judge never asked whether he had received the settlement checks. He contends that he was entitled to sanctions against respondent's counsel, even if the settlement was paid, because he incurred fees to demand payment and to file the motion the enforce the settlement agreement. According to appellant, the trial court judge had a duty to ask whether the settlement had been paid, if that fact was important to the judge. We wholeheartedly reject this reasoning. It was not the trial court's duty to inquire whether any material fact had changed since appellant filed the motion. Instead, appellant's duty of candor required him to inform the court that the settlement had been paid.

An attorney is an officer of the court and owes the court a duty of candor. (*In re Reno* (2012) 55 Cal.4th 428, 510; *Roche v. Hyde* (2020) 51 Cal.App.5th 757, 817.) This means that, "A lawyer shall not . . . knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." (Cal. Rules Prof. Conduct, rule 3.3, subd. (a)(1).) In a similar vein, section 6068 of the Business and Professions Code explains that every attorney has a duty "never to seek to mislead the judge or

5

any judicial officer by an artifice or false statement of fact or law." (Bus. & Prof. Code, §6068, subd. (d).)

The duty of candor is not simply an obligation to answer honestly when asked a direct question by the trial court. It includes an affirmative duty to inform the court when a material statement of fact or law has become false or misleading in light of subsequent events. (*In re Reno*, *supra*, 55 Cal.4th at pp. 510-511 [duty to inform court when a claim in a writ petition is subject to a procedural bar]; *Love v. State Dept. of Education* (2018) 29 Cal.App.5th 980, 990 [duty to acknowledge contrary authority]; *Jackson v. State Bar of California* (1979) 23 Cal.3d 509, 513 ["The representation to a court of facts known to be false is presumed intentional and is a violation of the attorney's duties as an officer of the court"].)

In *Grove v. State Bar of California* (1965) 63 Cal.2d 312, our California Supreme Court dealt with an attorney who was less than candid with the trial court. The attorney was twice informed by opposing counsel that he could not attend a certain hearing. The attorney allowed the trial court to believe that the matter was uncontested. The offending attorney "contends that the failure to convey . . . [opposing counsel's request for a continuance] does not constitute misleading 'the judge or any judicial officer by an artifice or false statement of fact or law.' (Bus. & Prof. Code, section 6068, subd. (d).) There is no merit to this contention. The concealment of a request for a continuance misleads the judge as effectively as a false statement that there was no request. No distinction can therefore be drawn among concealment, half-truth, and false statement of fact. [Citation.] 'It is the endeavor to secure an advantage by means of falsity which is denounced.' [Citation.]" (*Id.* at p. 315.)

6

So here.  Counsel's decision to not tell the trial court that he had received "word" from opposing counsel, was a concealment and a "half-truth."  This violates the attorney's obligation as an officer of the court to be candid with the court.  This was intended to secure an advantage and it worked, temporarily.  Counsel had received the settlement checks.  This is not an insignificant fact.  Every trial court hearing a similar motion would want to be apprised of this development.

Subject Matter Jurisdiction.

Appellant contends the trial court lacked subject matter jurisdiction to award sanctions against him because there is no statutory basis for the award and because he did not make misleading or false statements to the trial court.  He is incorrect.

First, section 128.5 authorizes the trial court to order an attorney "to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bath faith, that are frivolous or solely intended to cause unnecessary delay."  (*Id.*, subd. (a).)[2]  A misrepresentation of material fact is subject to sanction under section 128.5.  (*Young v. Rosenthal* (1989) 212 Cal.App.3d 96, 128.)

At the June 7 hearing, appellant told the trial court that he had not "received word" from his opposing counsel, even though they had exchanged numerous emails and the settlement was paid in full four days before the hearing.  When the trial court ordered opposing counsel to immediately disburse the settlement funds, appellant failed to inform the court that its order was moot because the funds had already been received.  The trial court did

---

[2] The statute clarifies that an action is "frivolous" where it is "totally and completely without merit or for the sole purpose of harassing an opposing party."  (§ 128.5, subd. (b)(2).)

not abuse its broad discretion when it awarded sanctions against appellant based on these misrepresentations of material facts. (*Wallis v. PHL Associates, Inc.* (2008) 168 Cal.App.4th 882, 893.)

Notice Adequacy.

Appellant contends respondent's Application for Ex Parte Order did not provide him with adequate notice of the factual basis for the requested order to show cause. But appellant never objected to the alleged lack of notice in the trial court. Instead, he opposed respondent's ex parte application on the merits, contending his statements were not false and that his receipt of the settlement funds did not moot his request for sanctions against Safarian. "In failing to raise the issue of inadequate notice, [appellant] waived any objection he may have had upon that ground." (*M.E. Gray Co. v. Gray* (1985) 163 Cal.App.3d 1025, 1034.)

Had the contention not been waived, we would reject it. The June 10 ex parte application asked the trial court to issue an "order to show cause against attorney John Richards for presenting false information to the court . . . ." (Bold and capitalization omitted.) It also offered a detailed factual basis for the requested sanctions. Appellant received adequate notice of the factual and legal bases upon which respondent sought sanctions against him.

Personal Jurisdiction.

Appellant contends the trial court lacked personal jurisdiction over him because he was not personally served with the ex parte application and order to show cause. "A general appearance by a party is equivalent to personal service of summons on such party." (§ 410.50, subd. (a).) Appellant made a general appearance when he filed a written opposition to the ex

8

parte application in which he addressed the merits of the application and order to show cause. "A party whose participation in an action is limited to challenging the court's personal jurisdiction does not make a general appearance. Other forms of participation, however, such as . . . opposing a motion on the merits, ordinarily constitute a general appearance." (*Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1029.) The trial court properly exercised personal jurisdiction over appellant.

*Conclusion*

The judgment (Order After Hearing) dated July 15, 2019 is affirmed. Costs on appeal to respondent. Pursuant to Business and Professions Code section 6086.7, subdivision (a)(3), upon issuance of the remittitur, the clerk is directed to forward a copy of this opinion to the State Bar of California. Pursuant to Business and Professions Code section 6086.7, subdivision (b), the clerk is directed to notify appellant that this matter has been referred to the State Bar.

CERTIFIED FOR PUBLICATION.


YEGAN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

9

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____

John B. Richards, in propria persona, for Appellant.

The Safarian Firm, Harry A. Safarian and Christina S. Karayan for Defendant and Respondent.