[L. A. No. 28405. In Bank. Dec. 2, 1965.]

In re OLIVER O. CLARK on Suspension of License.

Oliver O. Clark, in pro. per., and Morris Lavine for Petitioner.

F. LaMar Forshee for Respondent.

THE COURT.—Clark was convicted in 1962 on four counts of violating subdivision (a) of section 26104 of the Corporations Code by knowingly selling stock without a permit, and the judgment was affirmed (*People* v. *Clark,* 215 Cal.App.2d 734 [40 Cal.Rptr. 487] [petition for hearing denied]). We referred the matter to the State Bar for a report as to whether moral turpitude was involved and, if so found, for a recommendation as to discipline.

The Board of Governors found that moral turpitude was involved and recommends that Clark be suspended for three years. (There were no dissenting votes.) The local committee made the same finding and recommendation. Clark has filed

objections to the report and recommendation and contends that moral turpitude was not involved and that, in any event, the discipline recommended is too severe.

It is well established that the findings of the State Bar must be given great weight, although they are not binding upon this court (*Grove* v. *State Bar,* 63 Cal.2d 312, 315 [46 Cal.Rptr. 513, 405 P.2d 553]; *Werner* v. *State Bar,* 24 Cal.2d 611, 623 [150 P.2d 892]) and that the burden is upon the petitioner seeking a review of the Board of Governors' recommendation to show that the findings are not supported by the evidence or that the recommendation is erroneous (*In re Hallinan,* 48 Cal.2d 52, 53 [307 P.2d 1]). In our opinion Clark has not met this burden.

Violations of the Corporate Securities Act involve moral turpitude if they are not merely technical but are accompanied by an intent to evade the act with the object of gain or profit. (*In re Clark,* 52 Cal.2d 322, 324 [340 P.2d 613]; *In re Hatch,* 10 Cal.2d 147, 152 [73 P.2d 885].) In *In re Clark* we suspended petitioner herein for violations of the same provision of the Corporations Code as that involved here. Clark was on probation for the prior violations when he committed the instant offenses.

The four counts on which Clark was convicted in 1962 involved the sale of stock in Quality Discounts, Incorporated, to Joseph Mirabella, Herbert Jacobs, Peter Montana, and Richard Wall. The corporation was formed in 1959 by Clark and Emil Ruberti, a codefendant in the criminal action, in furtherance of a plan they conceived for establishing a chain of discount stores. According to Clark, the organization was set up in corporate form in order to effect a tax saving under legislation relating to small business corporations (26 U.S.C.A. § 1371 et seq.). The corporation never applied for or was issued a permit to sell its securities in California.

Clark loaned the corporation several thousand dollars, which had not been repaid at the time of the criminal action. In addition to being a creditor of the corporation he was an officer and director of, and an attorney for, the corporation.

The four persons named in the counts against Clark paid a total of $35,000 for stock in the corporation in 1960 after seeing newspaper advertisements relating to the enterprise. Later that year the corporation ceased to operate.

Clark contends in the instant proceeding, as he did in the criminal action against him, that he is innocent of the offenses because his conduct came within subdivision (m) of section

25100 of the Corporations Code.[1] ▮ In this proceeding, however, the record of conviction is conclusive evidence of guilt of the crimes of which Clark was convicted. (Bus. & Prof. Code, § 6101; *In re Hatch, supra,* 10 Cal.2d 147, 150.)

▮ Clark further asserts that he in good faith thought his conduct came within subdivision (m) of section 25100 and had no intent to evade the Corporate Securities Act. However, he was admitted to practice in 1907 and is an able practitioner. He has had considerable experience in corporation law and was familiar with the provisions of the Corporate Securities Act. The plan of action that led to his 1962 conviction was characterized by both the trial court and the District Court of Appeal as a "very thinly veiled attempt to avoid the Corporate Securities Act." (See *People* v. *Clark, supra,* 215 Cal. App.2d 734, 737.)

The board found that Clark acted for personal gain and benefit in connection with his activities for Quality Discounts, Incorporated. As we have seen, Clark was a creditor of the corporation, and, as such, he stood to benefit personally from receipt of funds by the corporation. The record amply supports the board's finding of moral turpitude.

▮ Clark further contends that the recommendation of suspension for three years is too severe because he is 79, and he urges that the period of suspension be decreased by the length of time he was incarcerated.[2] However, the recommended penalty is not excessive. Clark was suspended for three years for his prior violations of section 26104, subdivision (a) of the Corporations Code. (*In re Clark, supra,* 52 Cal.2d 322.) He was also publicly reproved by the board in 1949 for obtaining $1,000 from a client upon the false representation that he had filed a complaint for the client, and in 1952 he was suspended for six months for gross negligence in the handling of funds as a guardian and for filing misleading accounts with the probate court (*Clark* v. *State Bar,* 39 Cal.2d 161 [246 P.2d 1]). It may also be noted that in the instant proceeding the board found that while Clark was suspended from practice for his prior violations of the Corporate Securities Act he engaged in activities in connection with Quality Discounts,

---

[1] Section 25100 provides in part, "Except as otherwise expressly provided in this division, the Corporate Securities Law does not apply to . . . (m) Any bona fide joint adventure interest, except such interests when offered to the public."

[2] Clark was sentenced to a term in jail on each count and ordered to pay a fine but the judgment was thereafter modified to provide that the proceedings were suspended and that probation was granted for three years upon specified conditions including, among others, one year in jail.

Incorporated, such as the drafting of promissory notes, that constituted the practice of law.

It is ordered that Oliver O. Clark be suspended from the practice of law for a period of three years, commencing 30 days after the filing of this opinion.

Petitioner's application for a rehearing was denied **January 12, 1966.**