692 A.2d 465

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Thomas A. GARLAND.**

**Misc. (Subtitle BV) No. 5, Sept. Term, 1995.**

Court of Appeals of Maryland.

April 16, 1997.

384

Melvin Hirshman, Bar Counsel, Attorney Grievance Commission of Maryland, for Petitioner.

Thomas A. Garland, Cantonville, for Respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, RAKER and WILNER, JJ.

RAKER, Judge.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for disciplinary action against Thomas A. Garland, Respondent, for violation of the Rules of Professional Conduct. The petition alleged that Respondent violated Rules 8.4(b) and 8.4(d).[1] Bar counsel recommends an indefinite suspension.

Pursuant to Maryland Rule BV9(b),[2] we referred the matter to Judge Clayton Greene, Jr. of the Circuit Court for Anne Arundel County to make findings of fact and conclusions of law. Following an evidentiary hearing, Judge Greene found that Respondent had violated Rules 8.4(b) and 8.4(d). Respondent filed exceptions to Judge Greene's findings.

## I.

The charges in this matter arose out of Respondent's conduct in August, 1992, resulting in his conviction for driving under the influence of alcohol and driving on a suspended license, and his subsequent failure to comply with the order of the circuit court commanding him to report to the Prince George's County D.W.I. treatment facility. Although these convictions were reversed on appeal, Bar Counsel proceeded with this disciplinary action. After an evidentiary hearing in

---

1. The petition also alleged that Respondent was incompetent as defined by Maryland Rule BV1(i). This allegation was withdrawn by Bar Counsel.

   Rule 8.4 provides, in pertinent part, as follows:
   **RULE 8.4  MISCONDUCT**
   It is professional misconduct for a lawyer to:
   * * *

   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
   * * *

   (d) engage in conduct that is prejudicial to the administration of justice.

2. Effective January 1, 1997, the Rules governing attorney discipline proceedings were renumbered. The rules are currently found in Chapter 700, Maryland Rules 16–701 through 16–718. In this opinion, all references to the Md. Rules will be to Rules BV1 through BV18 that were in effect at the time these proceedings were commenced.

this disciplinary matter, Judge Greene made the following findings of fact and conclusions of law:

"1) The Respondent was admitted as a member of the Maryland Bar on October 1, 1959. The Review Board, pursuant to BV–7 of the Maryland Rules of Procedure, directed Bar Counsel to file charges against the Respondent relating to disciplinary actions stemming from the outcome of court proceedings in Anne Arundel County before the Honorable Lawrence H. Rushworth.

"2) The Complainant, Joseph Murtha, Esquire, Senior Assistant State's Attorney for Howard County, notified Bar Counsel in a letter dated November 3, 1993 of the Respondent's conviction and the Respondent's failure to report to the Prince George's County D.W.I. Facility on October 8, 1993.

"3) Further, that on or about October 29, 1993, the Circuit Court for Anne Arundel County issued a bench warrant as a result of Respondent's failure to report to the D.W.I. facility.

"4) That on or about December 17, 1993, Judge Rushworth determined that the Respondent violated the terms of his probation and imposed a six (6) month sentence to be served at the Howard County Detention Center.

"5) On or about September 21, 1993, the Respondent was convicted during a court trial before the Honorable Lawrence H. Rushworth of the Circuit Court for Anne Arundel County on charges of driving under the influence of alcohol and driving while suspended. Judge Rushworth was specially assigned to hear the charges against Mr. Garland because the judges of the Circuit Court for Howard County all had recused themselves. The facts presented at the trial on September 21, 1993 revealed that the Respondent operated a dark sedan in a residential community at night in an erratic manner. The Respondent's vehicle passed another vehicle on a curve. The Respondent's front tire was flat and the vehicle crossed the double yellow line. *Trial Transcript*, p. 22. The independent witness who observed the driving described the odor emanating from the vehicle as

the smell of "burning rubber." When the vehicle came to rest, the witness described the driver as sitting up and then falling back over to the right while the vehicle was parked. *Trial Transcript*, p. 25. Officer Denton was called to the scene because of a reported driver slumped over the steering wheel of a vehicle. Upon arriving at the scene, the officer observed the vehicle parked at the curb with a flat tire and the driver was slumped sideways in the driver's seat. *Trial Transcript*, p. 31. The hood was hot to the touch. The officer identified the driver of the vehicle to be the Respondent, Thomas A. Garland. *Trial Transcript*, pp. 30–34. The Respondent had a strong odor of alcohol on his breath, his eyes were glassy and watery, his face was red and flushed, his eyes were bloodshot, and his speech was slurred and the Respondent was confused. The Respondent stumbled getting out of the vehicle and used the car for support when getting out. *Trial Transcript*, p. 34. With regard to the field sobriety test, the Respondent was asked to recite the ABCs and the officer stated that the Respondent responded as if he were singing a song ". . . all of the letters were slurred together." When the officer asked the Respondent if he had had anything to drink, the Respondent replied that he had had nothing to drink. *Trial Transcript*, p. 43. The Respondent refused to take the breathalyzer test. *Trial Transcript*, p. 44.

"After considering the motions and arguments of the State and the defense, Judge Rushworth determined, using the Reasonable Doubt Standard, that the Respondent was guilty of driving while under the influence of alcohol on August 26, 1992 and driving while suspended on September 6, 1992 based upon another factual scenario.

"6) On October 1, 1993, Judge Rushworth sentenced the Respondent to six (6) months incarceration with all but thirty-three (33) days suspended. The Respondent was ordered to serve the thirty-three days at the Prince George's County D.W.I. Facility to commence on October 8, 1993. Additionally, the Court imposed a $500.00 fine and placed the Respondent on supervised probation for four (4)

years under the supervision of Richard Vincent, Director of Lawyer Counseling for the Maryland State Bar Association. The Respondent was ordered not to operate a motor vehicle and the Court set an appeal bond of $25,000.00.

"7) At sentencing, Judge Rushworth stated that alcoholism has "misdirected Mr. Garland's ability to pursue his profession and the conviction for driving under the influence of alcohol was his third offense." The judge further stated at sentencing that the Respondent should be kept off the street because, in the judge's opinion, he was a "loose cannon." In pronouncing his sentence, the judge stated in open court that the Respondent must surrender himself Friday, a week (October 8, 1993) to the Prince George's County D.W.I. Facility for thirty-three (33) days. The judge suspended the sentence with the assurance that immediately upon release, the Respondent would contact Richard Vincent for supervision of his drinking problem. Judge Rushworth also ordered that the Respondent was not to drive. *Sentencing Transcript*, p. 13. In setting the appeal bond at $25,000.00, the trial judge stated that he believed that the Respondent had an alcoholism problem to address even though the Respondent did not believe he had one. Judge Rushworth further stated that the Assistant State's Attorney had reported to him that he had smelled alcohol on the Respondent's breath on occasions when the Respondent was in court within the past year and that the $25,000.00 appeal bond would be appropriate to protect the interests of society. At least twice, the trial judge directed the Respondent to surrender to the D.W.I. facility no later than 5:00 p.m. on October 8, 1993. Assistant State's Attorney Murtha was directed to prepare a written order. The written order was signed on October 5, 1993. The written order directed the Respondent to appear at the D.W.I. facility at 9:00 a.m. on October 8, 1993, as opposed to 5:00 p.m. The written order was postmarked to the Respondent on October 7, 1993. The Respondent testified that he received the written order late in the afternoon of October 8, 1993. On October 8, 1993, the Respondent did not report to the D.W.I. facility.

The Respondent admits that he never made an effort to report to the Prince George's County D.W.I. Facility on October 8, 1993. He did not call Judge Rushworth after receiving the order on October 8, 1993 and he never contacted Mr. Bennett or the director of the Lawyer Counseling Service for Maryland State Bar Association as directed by the Court. The Respondent did not report to the D.W.I. facility or call them.

"8) On October 8, 1993, the Respondent appeared in the Circuit Court for Baltimore County engaged as counsel in the trial of a case before the Honorable J. Norris Byrnes.

"9) Respondent filed a Notice of Appeal on November 1, 1993. The Respondent did not file for a stay of the execution of the sentence of Judge Rushworth dated October 1, 1993.

"10) The Respondent, after having been found in violation of his probation, was incarcerated on or about December 17, 1993. After incarceration, the Respondent was released pursuant to a Writ of Habeas Corpus filed by him.

"11) In August, 1994, the Court of Special Appeals overturned the convictions rendered by Judge Rushworth on the basis of the denial of the Respondent's right to a speedy trial. The Court of Special Appeals declined to review any other issues.

### DISCUSSION

"At the BV-10 Hearing, the Respondent contended that by virtue of the reversal of the criminal conviction, the Respondent is innocent of all charges and that his alleged misconduct was before the Court of Special Appeals and they chose not to reach the point. Moreover, the Respondent contends that since Judge Rushworth's written order was mailed October 7, 1993 and received in the late afternoon of October 8, 1993, it was impossible for him to comply with the Court's Order to report to the facility by 9:00 a.m. on October 8, 1993. Accordingly, the Respondent further

contends that the written order expired by its own terms when it reached the Respondent.

"Bar Counsel contends that the Respondent's conduct is in violation of the Rules of Professional Conduct, specifically Rule 8.4.... "It is professional misconduct for a lawyer to: (b) commit a criminal act that reflects adversely on the lawyer's honesty and trustworthiness or fitness as a lawyer in other respects; (d) engage in conduct that is prejudicial to the administration of justice." Bar Counsel has abandoned any contention that the Respondent is incompetent as defined by Maryland BV–1(i).

"The Court finds that the Respondent by his actions has violated Rule 8.4, sub-section (b) and Rule 8.4, subsection (d). The reversal by the Court of Special Appeals does not control the disciplinary proceeding. A criminal conviction is not required to find a violation of Rule 8.4. See *Attorney Grievance Commission v. Deutsch*, 294 Md. 353, 450 A.2d 1265 (1982) where the Court made reference to former rule DR 1–102(A)(3). The Court's position was confirmed in *Attorney Grievance Commission v. Proctor*, 309 Md. 412, 524 A.2d 773 (1987) when the Court stated that all that is required is clear and convincing evidence of conduct that constitutes the commission of the offense. The evidence presented at the Respondent's trial is both clear and convincing that on August 26, 1992 he operated a motor vehicle at night, erratically, while under the influence of alcohol. This was at least the Respondent's third alcohol related driving offense. The Respondent violated Judge Rushworth's probation by failing and refusing to enter into alcohol counseling, either through the D.W.I. facility or under the supervision of Mr. Vincent. Not only were the Respondent's actions criminal, but they likewise demonstrated conduct prejudicial to the administration of justice. In a situation where an attorney refuses to obey the lawful order of a court, it shows obvious contempt for the very same court of which the Respondent is an officer.

"The Respondent's contention that he did not receive the judge's order timely is totally void of any merit. The judge

recited in open court at the time of sentencing his concerns about the Respondent's need for treatment for alcoholism. The judge directed the Respondent to report to the D.W.I. Facility in Prince George's County no later than 5:00 p.m. on October 8, 1993. Further, to ensure that the Respondent would comply with the Court's Order, the sentencing judge set an appeal bond of $25,000.00 with the direction that he wanted to keep the Respondent off the street, describing the Respondent as a "loose cannon." Instead of complying with the Court's Order, the Respondent flagrantly ignored the Order. Instead of reporting to the D.W.I. facility on October 8, 1993 or seeking counseling from the director of Lawyer Counseling for the Maryland State Bar, the Respondent went about his normal pursuits of practicing law in Baltimore County on the date he was required to seek treatment. His conduct was clearly prejudicial to the administration of justice and in violation of the Rules of Professional Conduct.

"Wherefore, it is this 14th day of August, 1996, found by the Circuit Court for Anne Arundel County, for the reasons set forth herein, that the Respondent, Thomas A. Garland, has violated the following cited disciplinary rules of the Code of Professional Responsibility; to wit: Rule 8.4(b) and 8.4(d)."

Bar counsel took no exceptions to Judge Greene's findings. He states that "Respondent's conduct demonstrates that he knowingly engaged in criminal conduct, driving under the influence of alcohol and with a suspended license.... Likewise, his total disregard for the order of the court requiring him to report for treatment subsequent to his conviction shows contempt for the court and interference with the proceedings of that body." Bar Counsel recommends that this Court impose an indefinite suspension.

Respondent filed exceptions to Judge Greene's findings of fact and conclusions of law. Respondent prays that the matter be dismissed and no sanction be imposed.

## II.

This Court has original and complete jurisdiction over disciplinary proceedings. *Attorney Griev. Comm'n v. Kent,* 337 Md. 361, 371, 653 A.2d 909, 914 (1995). In this regard, we make an independent and in-depth review of the entire record, with particular attention to the evidence relating to the disputed factual findings. *Bar Ass'n v. Marshall,* 269 Md. 510, 516, 307 A.2d 677, 680–81 (1973). A hearing court's findings of fact are *prima facie* correct and will not be disturbed unless they are shown to be clearly erroneous. *Attorney Griev. Com'n v. Goldsborough,* 330 Md. 342, 347, 624 A.2d 503, 505 (1993). The ultimate decision as to whether an attorney has engaged in professional misconduct rests with this Court. *Attorney Griev. Comm'n v. Joehl,* 335 Md. 83, 88, 642 A.2d 194, 196 (1994).

Respondent filed the following exceptions to Judge Greene's findings:

1. The Hearing Judge completely failed to consider and make findings of fact with respect to Respondent's position that he was denied fundamental due process of law in the proceedings of the Inquiry Panel under Rule B.V.6, the minimum requirements of which are spelled out in that Rule.

2. The Hearing Judge indulged in a fact finding expedition relative to a case which had been reversed on Appeal in order to support the efficacy of an Order of Court (the failure of compliance with which is the nub of Petitioner's case) which Order was itself invalidated by the reversal.

3. The Hearing Judge was in error in determining as a matter of law that the Order of Judge Rushworth received by Respondent on October 8, 1993 was effective to require any compliance by him.

We will address his exceptions *seriatim.*

### 1.

Respondent argues before this Court that Judge Greene failed to consider and make findings with respect to his

contention that he was denied due process of law in the proceedings before the Inquiry Panel. Respondent claims, without providing any facts to support his complaint, that he was denied due process because he was not provided with notice of the charges against him prior to the Inquiry Panel hearing.

The short answer to this exception is that Respondent never raised this issue before Judge Greene, and, as a result, we have no findings of fact or conclusions of law. We find that his exception that Judge Greene failed to make findings of fact and conclusions of law on this issue is without merit.

Our independent review of the record reveals that on November 15, 1993, Bar Counsel sent Garland a letter referencing BC Docket No. 94–186–14–5, advising him that a complaint filed in the name of Bar Counsel was opened against him in connection with the sentence he received on October 5, 1993 before Judge Rushworth and his subsequent failure to appear at the D.W.I. facility in Prince George's County. In the letter, Bar Counsel stated that Garland's conduct was in violation of Maryland Rules of Professional Conduct 3.4(c) and 8.4(d), as well as "other Rules of Professional Conduct which may come to my attention."

A November 21, 1994 Memorandum from Bar Counsel to BC Docket No. 94–186–14–5 states, in pertinent part:

Mr. Garland wanted a transcript of the proceedings and Mr. Silkworth [the panel chair] said that it hadn't been transcribed and Mr. Silkworth explained what the panel was about and he is going to send everything to Mr. Garland and we will re-schedule the panel hearing. We went over my dates in December.

Bar Counsel took the deposition of Garland on July 26, 1996 in connection with these proceedings. Deposition Exhibit No. 7, a handwritten letter from Garland to Ronald Silkworth, indicated the following:

You called ... and told me that the panel was agreeable to reopening the proceedings and that you would send me materials which would inform me of the charge(s) and

proceedings to date. You declined to tell me any details over the phone but assured me that it would all "be in the package" I was to receive. I have received no package from you!

The Inquiry Panel held a second hearing on December 5, 1994; Garland did not appear. The record indicates that Garland received notice of the substance of the charges against him in the November 15, 1993 letter from Bar Counsel. *See Attorney Griev. Com'n v. Goldsborough*, 330 Md. 342, 624 A.2d 503 (1993)(So long as lawyer is given notice and opportunity to defend in a full and fair hearing following the institution of disciplinary proceedings, irregularity in proceedings before Inquiry Panel and Review Board ordinarily will not amount to denial of due process). We shall overrule Respondent's first exception.

### 2.

Respondent's next contention is that Judge Greene improperly engaged in a fact-finding expedition regarding the conviction for driving under the influence of alcohol which had been reversed on appeal in order to support the Order of the trial court commanding him to appear at the D.W.I. treatment facility. Before Judge Greene, Respondent contended that, because his alcohol related traffic convictions were reversed on appeal, he was innocent of all charges. He also argued that, since he received Judge Rushworth's written order in the late afternoon of October 8, 1993 commanding him to appear at the D.W.I. treatment facility, it was impossible for him to comply with the court's order to report by 9:00 a.m. on that date. He further maintained that the written order expired because he received it after 9:00 a.m.

■ Judge Greene correctly noted that a reversal of a criminal conviction does not control the disciplinary proceeding and that a criminal conviction is not required in order to find a violation of Rule 8.4. All that is required is proof by clear and convincing evidence of conduct that constitutes a commission of the offense. *Attorney Griev. Comm'n v. Proctor*, 309 Md. 412, 418, 524 A.2d 773, 776 (1987). If the

evidence presented at the hearing is sufficient to sustain a finding by clear and convincing evidence that the conduct occurred, the fact that a criminal conviction did not result from the conduct or that the judgment was reversed does not preclude a finding of misconduct. *See Attorney Griev. Comm. v. Breschi*, 340 Md. 590, 667 A.2d 659 (1995) (holding that evidence showed a wilful failure to pay taxes and a violation of Rule 8.4(d) despite fact that there was no criminal prosecution); *Attorney Griev. Comm'n v. Proctor*, 309 Md. 412, 418, 524 A.2d 773, 776 (1987); *Attorney Griev. Comm'n v. Deutsch*, 294 Md. 353, 366, 450 A.2d 1265, 1271 (1982).

At the disciplinary hearing before Judge Greene, Bar Counsel introduced into evidence the September 21, 1993 transcript of the criminal trial. Respondent stipulated to the authenticity of the document and objected to the admissibility of the transcript on the grounds of relevancy. Judge Greene admitted the transcript into evidence.

An attorney may be disciplined for acts which are criminal but do not result in a criminal conviction if Bar Counsel proves the underlying conduct at the disciplinary hearing. In the instant action, Bar Counsel relied on the transcripts of the criminal proceedings to prove the underlying conduct. Because at the criminal trial before Judge Rushworth Respondent relied on a legal challenge to the entire proceedings with which the Court of Special Appeals agreed, he may have lacked the incentive to present a full defense on the merits to the underlying traffic charges in the criminal case. Under these circumstances, we shall assume that it was impermissible to use the transcript to prove the underlying criminal conduct and we shall not consider that conduct in our determination of the appropriate sanction. We therefore sustain his exception in this regard. Nonetheless, the transcript of the sentencing proceeding was properly admitted to show the order of the court and Garland's knowledge of it.

### 3.

Respondent alleges in his third exception that Judge Greene erred in concluding that Respondent's failure to report

to the D.W.I. facility was conduct prejudicial to the administration of justice and in violation of the Rules of Professional Conduct.

Judge Greene found that Judge Rushworth, the sentencing judge, in open court, directed Respondent to report to the D.W.I. facility no later than 5:00 p.m. on October 8, 1993. Our review of the record leads to the inescapable conclusion that Respondent flagrantly ignored the order of court to appear at the treatment facility and that he had no reasonable basis to conclude, as he now argues, that the order of court had expired.

On October 1, 1993, Respondent was sentenced to serve 33 days in the Prince George's County D.W.I. Facility, to be followed by 30 days in the Howard County Detention Center. The court recessed for the State's Attorney to inquire whether there was available space at the Prince George's County D.W.I. Facility. After the court reconvened, the State's Attorney informed the court that a bed was available and recommended to the court that Respondent report the following Friday.

Judge Rushworth then addressed Respondent directly and stated: "the court orders you to surrender yourself Friday a week to the Prince George's County D.W.I. facility...." At the end of the sentencing proceeding, the court established that Respondent was to report by 5:00 p.m. on Friday.[3] On the day of the sentencing, Respondent signed an order for

---

**3.** Toward the conclusion of the sentencing proceeding, in Garland's presence, the following colloquy took place between the court and the State's Attorney:

COURT: That's a blanket bond in both cases, twenty five full ... and ... he's to report Friday.

[PROSECUTOR]: Your Honor, if I may, I will send an order down by the end of the day, and I'll fax him a copy so that that order can be incorporated in the court file by the end of the day. And that will include ... I think you have to report by five o'clock. It would be by five o'clock.

COURT: Let's make it by five o'clock.

[PROSECUTOR]: That's the latest you can report down there. Thank you very much, Your Honor.

probation. That order stated that Respondent was to spend "33 days at P.G. Co. DWI Facility—No driving while at P.G. Co., DWI Facility—After DWI Facility def. enter and complete 30 day out-patient program as directed by Richard Vincent." Respondent signed this order for probation, indicating that he understood these conditions, consented to them, and agreed to follow them.

Respondent never reported to the D.W.I. facility. On Friday, October 8, 1993, he went about his normal business and represented a client in a case before the Circuit Court for Baltimore County. On that Friday afternoon, he received the following written order of court:

> [T]he Defendant shall be confined to the jurisdiction of the Prince George's County DWI Facility, 5000 Rhode Island Avenue, Hyattsville, MD 20781, for a period of thirty-three (33) days, commencing October 8, 1993 at 9:00 a.m.

Respondent now argues that because the order states that he was to report by 9:00 a.m., and that he received a copy of the order after 9:00 a.m., that the order had expired and he was therefore relieved of his duty to report to the facility.

Respondent knew that he was to report to the D.W.I. facility on October 8, 1993; he made no attempt to contact the facility, the court or the State's Attorney concerning his duty to report. Judge Greene found that Respondent's contention that he was not required to report to the D.W.I. facility because he did not receive the judge's order timely was totally devoid of merit. We agree. Accordingly, Respondent's third exception is overruled.

### III.

■ We turn now to the appropriate sanction to be imposed. At the present time, Respondent is not practicing law, He stands decertified for failure to contribute the amount due to the Clients' Security Trust Fund. It is well settled, and often stated, that the purpose of disciplinary proceedings is not to punish the errant attorney, but to protect the public and preserve the public confidence in the legal system. *Attorney*

*Griev. Comm. v. Breschi*, 340 Md. 590, 601, 667 A.2d 659, 665 (1995). In determining whether a particular attorney's misconduct in failing to obey a court order warranted discipline, the Supreme Court of California held:

> Disobedience of a court order, whether as a legal representative or as a party, demonstrates a lapse of character and a disrespect for the legal system that directly relate to an attorney's fitness to practice law and serve as an officer of the court.

*In re Kelley*, 52 Cal.3d 487, 276 Cal.Rptr. 375, 380, 801 P.2d 1126, 1131 (1990). Respondent's behavior evidences both an alcohol problem and a lack of respect for the legal system. If not addressed, it may affect his professional practice and injure the public. *See* Danny R. Veilleux, *Misconduct Involving Intoxication as Ground For Disciplinary Action Against Attorney*, 1 A.L.R. 5th 874 (1992).

Judge Greene found that Respondent's conduct was prejudicial to the administration of justice. We agree. He wrote "where an attorney refuses to obey the lawful order of a court, it shows obvious contempt for the very same court of which the Respondent is an officer." The United States Supreme Court summarized the duty to obey court orders in *Maness v. Meyers*, 419 U.S. 449, 458–59, 95 S.Ct. 584, 591, 42 L.Ed.2d 574, 583 (1975) (citations omitted) (quoting *United States v. United Mine Workers*, 330 U.S. 258, 293, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947)):

> We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that the order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect. The orderly and expeditious administration of justice by the courts requires that "an order issued by a court with jurisdiction over the subject matter and person must be

obeyed by the parties until it is reversed by orderly and proper proceedings."

In determining the appropriate sanction, we think several factors are important considerations. The first is Respondent's behavior and utter disregard for the laws of this State and valid orders of court. Second, Respondent fails to recognize his serious alcohol problem and has taken no remedial steps to address his alcohol addiction. He has failed to enter into alcohol counseling, either through the D.W.I. facility, the program of Mr. Richard Vincent of the Maryland State Bar Association, or any other suitable treatment program. Judge Greene found that Respondent had two prior convictions for alcohol related traffic offenses, and concluded that Respondent suffers from a serious problem of alcohol abuse.

In light of these circumstances, we shall order that Respondent be forthwith suspended indefinitely from the practice of law in this State, with the right to apply for readmission after the expiration of six months. In making such application, he must understand that he will be reinstated only if he meets the following conditions:

(1) He shall abstain from consumption of alcoholic beverages.

(2) He shall participate in such rehabilitative activities as may be prescribed from time to time by Bar Counsel and by the Director of the Lawyers' Counseling Program of the Maryland State Bar Association.

(3) He shall pay the sums which he owes to the Clients' Security Trust Fund of the Bar of Maryland.

(4) He shall pay all costs incurred in connection with this proceeding on such schedule as Bar Counsel may specify once Garland's obligations to the Clients' Security Trust Fund have been liquidated.

Respondent must understand that a breach of any one of the above conditions will be grounds for renewal of his indefinite suspension. The matter of these conditions is subject to the further order of court.

*IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST THOMAS A. GARLAND.*